**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ELIZABETH A. HOELSCHER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-443-M** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Elizabeth A. Hoelscher ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405

(g) seeking judicial review of the Defendant Commissioner's final decision denying

Plaintiff's applications for disability and widow's insurance benefits under the Social

Security Act.  This matter has been referred to the undersigned Magistrate Judge for

proceedings consistent with 28 U.S.C. § 636.  Upon review of the pleadings, the record

("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's

decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings in November, 1997, by filing claims for

disability and widow's insurance benefits, alleging that she became disabled as of

December, 1993, due to degenerative disc disease, migraine headaches and vertigo [Tr.

42, 43 - 45, 49 and 225 - 227].  Plaintiff's claims were denied, and she subsequently

sought and received a de novo hearing before an administrative law judge ("ALJ") [Tr. 26

- 28, 31 - 33, 34, 36, 38, 229 - 231, 233 - 235].  The ALJ denied Plaintiff's claims in a

September 1999, decision, finding that her alleged impairments were not severe [Tr. 239 -

244].  Because the hearing tape of the administrative hearing was inaudible,  Plaintiff's request for review was granted by the Appeals Council of the Social Security Administration in June, 2003 [Tr. 253 - 254].   A remand hearing was subsequently conducted by a different ALJ in September, 2004 [Tr. 348 - 383]; that ALJ found in his October, 2004, hearing decision that while Plaintiff suffered from various severe impairments, she was able to perform her past relevant work as well as a significant number of other jobs and, consequently, was not disabled within the meaning of the Social Security Act [Tr. 16 - 22].   The Appeals Council denied review, and Plaintiff subsequently sought review of the Commissioner's final decision in this court [Tr. 8 - 11].

**<u>Standard of Review</u>**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.  *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).   Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial.   "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion."  *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted).   "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §423(d)(1)(A).  *See also* 20 C.F.R. §404.1505(a).[1]  The Commissioner applies a five-step inquiry to determine whether a claimant is disabled.  *See* 20 C.F.R. §§404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail).  Plaintiff  bears the initial burden of proving that she has one or more severe impairments.  20 C.F.R. §§ 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985).  Where Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy.  *Turner* , 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).  In this case, the ALJ pursued the inquiry through the fifth step, determining that Plaintiff could not only perform her past work but was also capable of performing other work in the national economy.

**PLAINTIFF'S CLAIMS OF ERROR**

Plaintiff maintains, first, that the ALJ committed error in his analysis of the evidence at step three of the sequential process and that his resulting step three finding that Plaintiff's impairments did not equal a listing was not based on substantial evidence.

---

[1]The basic definition of disability is equally applicable in connection with a claim for widow's insurance benefits.

Second, Plaintiff contends that the ALJ's residual functional capacity ("RFC") for a full range of light work was wholly unsupported by any substantial evidence in the record and that the ALJ erred by failing to recontact Plaintiff's treating physicians.

Reversal of this matter is recommended because there is no evidence of record to support the ALJ's assessment of an RFC for a full range of light work. If such recommendation is adopted and the case remanded, further administrative proceedings will be required in order to obtain evidence relating to Plaintiff's work-related physical abilities. As the additional evidence could impact a step three determination, Plaintiff's first claim of error will not be considered in this report. Moreover, only a limited review of the ALJ's decision is necessary in order to address the lack of evidentiary support for the ALJ's RFC assessment.

**THE ALJ'S DECISION AND RFC ASSESSMENT**

The ALJ determined that Plaintiff – sixty-one years old with some college credits and with past work experience as a travel agent and physician's assistant[2] – suffered from depression, episodes of lumbrosacral strain, neck and back pain as a result of an October, 2000, car accident, as well as reported headaches and vertigo [Tr. 17 - 19].[3] In his review of the medical evidence of record, the ALJ noted as follows:

> In early 1999, objective tests revealed a bulging disc at L4-5 and L5-S1 with no evidence for nerve root compression. Physical therapy was recommended. In June 1999, Cindy Merrick, M.S.,P.T., reported that the claimant was in physical therapy from April 5, 1999 through May 3, 1999, during which time the claimant reportedly responded well, although she

---

[2]Plaintiff was not steadily employed after 1988 [Tr. 19 and 55].

[3]As Plaintiff's claims of error are limited to her back impairment, the discussion of the medical evidence will be likewise limited.

continued to report cervical, thoracic, and lumbar pain and strain with activities of daily living.

Following an automobile accident on October 13, 2000, the claimant was diagnosed with cervical pain/strain secondary to whiplash injury with upper cervical hypomobility. On January 29, 2001, A.B. Husky, D.O., wrote that the claimant, described as a "63 year old" (although she was apparently younger), needed not to be in an upstairs apartment due to lumbar disc disease and an unsteady gait. Magnetic resonance imaging on May 1, 2001, showed mild degenerative disc disease at C5-6 and an otherwise unremarkable MRI of the cervical spine. X-rays of the lumbar spine provided "suggestive evidence of disc degeneration and associated muscle spasm."

[Tr. 18] (record references omitted).

After determining that Plaintiff's impairment or combination of impairments did not meet or equal the criteria of a listed impairment, the ALJ assessed Plaintiff's subjective allegations and found that her assertions with respect to her impairments and their impact on her ability to work were not entirely credible and that the record did not support a finding of disabling functional restrictions [Tr. 19 - 20].

The ALJ next found that Plaintiff had retained the residual functional capacity to perform a full range of light and sedentary work throughout the time period under review [Tr. 20 - 21].[4] Because Plaintiff was then found capable of returning to her past relevant work as well as performing other jobs existing in significant numbers in the national economy, the ALJ ultimately determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

---

[4]In her briefing, the Commissioner treats the time periods relevant to Plaintiff's claim for disability benefits and her claim for widow's benefits as one, running from December 31, 1993 through March 31, 2003 [Doc. No. 17, p.1].

In support of her contention that the ALJ's RFC assessment for a full range of light work is not supported by substantial evidence in the record, Plaintiff argues that the *only* evidence in the record that addresses her ability to meet the physical demands of a full range of light work is the notation from Dr. Husky that was referenced in the ALJ's decision, evidence that contradicts rather than supports the RFC finding that Plaintiff retained the capacity to perform the walking required by light work.  As the ALJ's decision reflects, Dr. Husky wrote on January 29, 2001, that Plaintiff should not "be in an upstairs apartment due to lumbar disk disease and unsteady gait." [Tr. 18, 209]. Plaintiff maintains that apart from Dr. Husky, no other physician of record, including the State Agency consultants,  assessed Plaintiff's ability to walk, stand, lift, bend, stoop or to meet any of the physical demands of a full range of light work.  Consequently, Plaintiff contends that the ALJ should have recontacted Plaintiff's treating physicians in order to obtain evidence defining Plaintiff's physical work-related functional abilities.

The undersigned has carefully reviewed the evidence of record and has found absolutely no evidence supporting the ALJ's RFC assessment for a full range of light work.  Aside from Dr. Husky's note and Plaintiff's own testimony about what she could do[5] – testimony rejected by the ALJ on credibility grounds – there is no evidence from any doctor or other source defining Plaintiff's capacity for the physical demands of walking, sitting, bending, stooping, and so forth.  The ALJ affirmatively concluded that Plaintiff "does experience some symptoms associated with her back." [Tr. 20]. Nonetheless, rather

---

[5]The ALJ summarized Plaintiff's subjective complaints and resulting claimed limitations as follows: "[S]he has experienced pain in the neck, shoulders, left leg, and back; [   ] her auto accident increased her symptoms; and [   ] she could sit for 20 minutes at a time, stand for 20 minutes, and drive short distances." [Tr. 19 - 20].

than relying on a medical determination of any work-related restrictions resulting from

those back difficulties, the ALJ appears to have concluded that Plaintiff had the RFC for

a full range of light work based solely on his own appraisal of her abilities: "She should

not be expected to lift or carry more than 20 pounds occasionally or more than 10 pounds

frequently." [Tr. 20].

In instances where the ALJ is not in a position to make an RFC assessment due to

a lack of evidence, case law in the Tenth Circuit provides that the ALJ should recontact

Plaintiff's physicians to obtain needed records and, if such records are not available or

are insufficient, the ALJ should then order a consultative examination:

> The agency expressly requires "[t]he adjudicator [to] ⋯ make every reasonable effort to ensure that the file contains sufficient evidence to assess RFC." Soc. Sec. R. 96-8p, 1996 WL 374184, at *5.  The ALJ must develop the record for "at least" the preceding twelve months. 42 U.S.C. § 423(d)(5)(B), 20 C.F.R. §§ 404.1512(d), 416.912(d).  An ALJ is obligated to develop the record even where, as here, the claimant is represented by counsel, *Thompson,* 987 F.2d at 1492, because a disability hearing is nonadversarial, *id. at 1491.* Finding no substantial evidence upon which to base an RFC finding, the ALJ should have recontacted claimant's physicians. *White v. Barnhart,* 287 F.3d 903, 908 (10th Cir. 2001) (citing 20 C.F.R. § 416.912(e)); *see* 42 U.S.C. § 423 (d)(5)(B); 20 C.F.R. §§ 1512(f), 1519a(a)(1). If any of claimant's doctors has more records than he provided, the ALJ has the power to subpoena them, if necessary. *See Baker v. Bowen,* 886 F.2d 289, 292 (10th Cir. 1989); 20 C.F.R. §§ 404.950(d)(1), 416.1450(d)(1). If additional records either do not exist or are insufficient to clarify the inconclusive evidence already in the record, then the ALJ should order a consultative examination. *See* 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 1512(f), 1519a(a)(1).

*Adkins v. Barnhart,* No. 03-7006, 2003 WL 22413920, at *5 (10th Cir. Oct. 23, 2003).[6]  *See*

*also Baker v. Barnhart,* No. 03-7041, 2003 WL 22905238 (10th Cir. Dec. 10, 2003).

---

[6]This and any other unpublished dispositions referenced herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Substantial evidence does not support the ALJ's RFC assessment for a full range of light work, and the ALJ failed to recontact Plaintiff's physicians in an effort to obtain the necessary evidence.  Consequently, the undersigned recommends reversal of the ALJ's decision and a remand of the matter for further administrative proceedings.

RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, it is recommended that this matter be reversed and remanded for further proceedings in accordance with this report. The parties are advised of their right to object to this Report and Recommendation by January 30, 2006, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1.  The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).   This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 10th day of January, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE